IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2014-FL

| | |
|---|---|
| FELIPE A. RICO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LAFAYETTE HALL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the court on the motion for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56[1] of respondent Lafayette Hall ("respondent") (DE # 6). Petitioner did not respond to respondent's motion. In this posture, the issues raised are ripe for review. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On October 1, 2008, in the Sampson County Superior Court, North Carolina, petitioner pleaded guilty to voluntary manslaughter. Ex. 1 pp. 10-15. Petitioner then was sentenced to an aggravated-range sentence of eighty-four (84) to one hundred ten (110) months' imprisonment. Id. pp. 18-19. Petitioner also was ordered to pay restitution in the amount of five thousand fifty two dollars and seventy-five cents ($5,052.75). Id.

On August 31, 2009, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the

---

[1] Respondent has not stated the applicable Federal Rule of Civil Procedure pursuant to which he seeks dismissal of this action. Because respondent attached matters that are outside of the pleadings, his motion is construed as a motion for summary judgment pursuant to Rule 56.

Sampson County Superior Court, which was denied. Id. pp. 20, 35. As part of his order denying petitioner's MAR, the trial court judge found that the original judgment contained a clerical error because it did not include findings of the aggravating factor. Id. p. 37. As a result, the trial court judge entered an amended judgment and completed the AOC Form AOC-CR-605 entitled, "Felony Judgment Findings of Aggravating and Mitigating Factors." Id. p. 39. Specifically, the trial court judge found factor number 10(b), that petitioner used a deadly weapon at the time of the crime. Id.

On May 21, 2010, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. Id. p. 43. On June 1, 2010, the court of appeals allowed petitioner's petition "for the purpose of reviewing the judgment entered in this cause by [the trial court judge] on 18 March 2010 and the order denying Petitioner's motion for appropriate relief entered by [the trial court judge] on 18 March 2010."[2] Id. p. 55. On January 17, 2012, the court of appeals determined that the trial court erred as a matter of law by imposing an aggravated sentence where it failed to make any findings as to aggravating factors, and failed to exercise its discretion in determining whether an aggravated sentence was appropriate. State v. Rico, 720 S.E. 2d 801, 803 (2012). The court of appeals additionally vacated the amended judgment finding that the trial court judge could not correct the judicial error in the original judgment "under the guise of amending a clerical error." Id. p. 807. Accordingly, the court of appeals vacated petitioner's original and amended judgments, as well as the trial court's order denying his MAR. Id. The court of appeals also vacated petitioner's restitution on the grounds that it was not supported by competent evidence. Id. at 804. Finally, the court of appeals determined that there was a mistake in petitioner's plea

---

[2] In the interim, petitioner filed a *pro se* "motion for petition for discretionary review" and a *pro se* petition for a writ of habeas corpus in the North Carolina Supreme Court, both of which were denied on December 22, 2011. State v. Rico, 720 S.E.2d 9 (2011).

agreement in that "contrary to the belief of the parties, the aggravating factor of use of a firearm cannot enhance a sentence for voluntary manslaughter by use of that same firearm." Id. The court of appeals, however, also found that the State remained bound by the plea agreement. Id. Based upon the foregoing, the court of appeals remanded the matter to the trial court for re-sentencing on petitioner's guilty plea to the reduced charge of voluntary manslaughter. Id.

On February 2, 2012, the State filed a motion for temporary stay and petition for writ of supersedeas in the North Carolina Supreme Court. State v. Rico, 721 S.E.2d 229 (2012). On February 3, 2012, the supreme court allowed the State's motion and petition. Id. On February 20, 2012, the State filed a notice of appeal in the supreme court as a matter of right pursuant to N.C. Gen. Stat. § 7A-30(2). Resp't's Mem. Ex. 5.

In the interim, on January 19, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 20, 2012, respondent filed a motion to dismiss, arguing that petitioner failed to exhaust his state court remedies prior to filing this action. Although he was notified of respondent's motion, petitioner did not respond.

## DISCUSSION

A.     Motion for Summary Judgment

     1.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

3

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

Respondent contends this matter should be dismissed because petitioner failed to exhaust his state court remedies. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court 'both the operative facts and the controlling legal principles' associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Although the exhaustion requirement is not jurisdictional, the requirement is strictly enforced. Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). By giving state courts the first opportunity to review a claim, the exhaustion requirement "prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Conner, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). In this case, respondent has not waived the exhaustion requirement. See 28 U.S.C. §2254(b)(3).

Here, the State's appeal of the court of appeals' opinion vacating his criminal judgment currently is pending in the supreme court. Accordingly, the state court has not yet had the

4

opportunity to adjudicate the validity of petitioner's guilty plea and resulting criminal judgments. Petitioner does not dispute that he failed to exhaust his state court remedies. Because petitioner has not exhausted his state court remedies, this action is DISMISSED without prejudice to allow him the opportunity to exhaust such remedies.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry,

5

and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 6) is GRANTED, and petitioner's claim is dismissed without prejudice for failure to exhaust his state court remedies. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 16th day of October, 2012.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge